### STEPHEN GALE *vs.* STEPHEN EASTMAN.

A note was given in New Hampshire, by one citizen of that State to another, and usurious interest was afterwards there paid on the note: The maker subsequently removed into this State, and the payee sued him here on the note. *Held*, that the maker was entitled to no deduction from the amount due on the note, either under our Rev. Sts. *c*. 35, § 2, or the New Hampshire *St.* of February 12, 1791, § 2.

ASSUMPSIT by the payee against the maker of a promissory note for $200, dated March 29th 1833, payable on demand with interest. On the note was this indorsement: "January 4th 1837. Received the interest and ninety one dollars of the principal of the within." The defendant pleaded the general issue, and relied on the defence of usury, which was duly speci fied in writing.

The case was submitted to the court on an agreed statement, as follows: At the date of the indorsement on the note, the plaintiff called on the defendant to pay the whole amount due on it. The defendant not being then able to pay it, the plaintiff cast the interest upon the note, from the date thereof to the time of the indorsement, at the rate of $7\frac{1}{2}$ per cent. per annum, computed as compound interest, and agreed, if the defendant would pay that amount, to give him further delay, without mentioning how long delay he would give. The defendant accordingly paid the said amount of interest, and the ninety one dollars of the principal, and made the said indorsement.

The said note was given, and the said payment was made, in the State of New Hampshire; and the plaintiff and defendant, when said note was given and said payment made, were citizens of that State. The plaintiff still resides in that State; but the defendant, when this action was commenced, was a citizen of Massachusetts.

The law of New Hampshire on the subject of usury, as contained in a statute passed on the 12th of February 1791, is made part of this case. By the second section of that statute, it is provided, that when any person shall be sued on any contract for the payment of money, &c., whereon or whereby any sum is given, secured, or taken, for the forbearing or giving day of

payment, more than six per cent. per annum, then, if the debtor (the creditor being alive) shall come into court, and shall offer to make oath, and, if required by the court, shall actually swear, that there is taken, received, or secured, by such contract, above the rate of six per cent. per annum, for the forbearance of the same, or that the creditor has received more than after that rate for the forbearance or loan of any sum of money, the court, in rendering judgment upon such contract, shall deduct from the sum lawfully due, by or upon such contract, a sum equal to three times the sum above lawful interest taken, secured, given, or received on or by such contract, unless the creditor will swear that he has not, directly or indirectly, willingly taken or received more than after the rate of six per cent. per annum, &c.

It was agreed that judgment should be entered according to the law applicable to the foregoing facts.

*J. G. Abbott*, for the plaintiff. The New Hampshire statute, which is brought into the case, is a penal one, and is therefore local, and can have no extra-territorial effect. *Folliott* v. *Ogden* 1 H. B. 123 : 3 T. R. 733. *Warder* v. *Arell*, 2 Wash. 295 *Scoville* v. *Canfield*, 14 Johns. 338. Story's Conflict of Laws, §§ 619 – 625. The defendant cannot be brought under the law of this Commonwealth, Rev. Sts. *c.* 35, for that extends only to contracts made, or acts done, contrary to its own provisions.

*Hopkinson*, for the defendant. As the contract was made in New Hampshire, the statute of that State is to determine the law applicable to the contract. *Dunscomb* v. *Bunker*, and *Carnegie* v. *Morrison*, 2 Met. 8, 381. That the defendant comes within the statute of that State, see *Gibson* v. *Stearns*, 3 N. Hamp. 185. *Steele* v. *Franklin*, 5 N. Hamp. 376. *Olcott* v. *Alden*, 6 N. Hamp. 516. But as the suit is brought in this Commonwealth, the remedy for the defendant is to be governed by our law ; and the defendant is entitled to the deduction and costs given by Rev. Sts. *c.* 35, § 2. Story's Conflict of Laws, § 572. *Gibbs* v. *Howard*, 2 N. Hamp. 296. *Ruggles* v. *Keeler*, 3 Johns. 263. " Whoever comes into a country

voluntarily subjects himself to all the laws of that country, and therein to all the remedies directed, by those laws, on his par ticular engagements."    Per Heath, J. *Melan* v. *Fitzjames*, 1 Bos. & Pul. 142.    See also *Titus* v. *Hobart*, 5 Mason, 378. *DeWolf* v. *Johnson*, 10 Wheat. 367.

SHAW, C. J.   By the law of New Hampshire, the contract, even though usury were taken or received upon it, was not void ; it was so far legal, that an action might be maintained and a judgment recovered upon it, with certain deductions. Act of 12th Feb. 1791.   By § 2, it is provided that when usury is relied upon, in defence, a special mode of trial may be offered by the defendant ; that is, a trial by oath of the parties, as formerly practised under the law of Massachusetts, *St.* 1783, *c.* 55, but which mode of proof and form of trial are now altered in this State.   By the law of New Hampshire, still in force, if the usury is thus proved, a certain amount shall be deducted, in assessing the damages, from the principal and interest due on the note.   These provisions apply only to the remedy, and of course can extend only to suits brought in New Hampshire, and can have no effect when a remedy is sought under our laws.   The general rule is, that those provisions of law, which determine the construction, operation and effect of a contract, are part of the contract, and follow it, and give effect to it, wherever it goes ; but that in regard to remedies, the *lex fori*, the law of the place where the remedy is sought, must govern. We therefore cannot be governed by the law of New Hampshire, which professes only to regulate the remedy on a usurious contract.

The law of Massachusetts, though somewhat analogous, cannot apply, because, although the mode of enforcing the law against usury is by applying it to the remedy, yet the law to be enforced is the law of Massachusetts. The law of this Commonwealth declaring what shall be the rate of interest, and what contracts shall be deemed usurious, also directs, when suits are brought, what deductions shall be made ; but it is suits brought on *such* contracts, that is, contracts made in violation of its own provisions.        *Judgment for the plaintiff.*